# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:09-cr-194 |
| | § | Judge Crone |
| JULIO HERNANDO | § | |
| MOYA BUITRAGO (14) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss (Dkt. #753). Having considered the relevant pleadings, the Court is of the opinion that the motion should be denied.

### BACKGROUND

On October 15, 2009, Defendant was indicted in a two-count indictment. Count One charges Defendant with conspiracy to import five kilograms or more of cocaine, and to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 963. Count Two charges Defendant with manufacturing and distributing five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

On February 8, 2010, prior to a formal extradition being approved, Defendant was arrested for extradition in Colombia. On March 11, 2010, Sgt. Samuel Lujan, a Sergeant with the Coppell Police Department, presented to the undersigned an affidavit in support of a request for extradition for the twenty-seven Colombians indicted in this case. On January 11, 2011, Defendant was turned over to authorities of the United States for extradition. Defendant was put on a United States Government business jet, taken to Guantanamo Bay, Cuba, and on to McKinney, Texas.

On January 18, 2011, Defendant made his initial appearance on the indictment in the United States. On February 11, 2011, the Court granted a co-defendant's motion to continue until May 9, 2011. On April 28, 2011, the Court granted another co-defendant's motion to continue until July 6, 2011. On June 8, 2011, a third continuance was granted until October 3, 2011. On July 25, 2011, the case was transferred from Judge Michael H. Schneider to Judge Marcia A. Crone. Judge Crone granted a motion to continue on October 5, 2011, to February 13, 2012. On January 19, 2012, Defendant's previous counsel filed a motion to continue. Judge Crone granted this motion and continued the case until May 14, 2012. On May 11, 2012, Judge Crone entering an order of continuance until August 13, 2012. On August 10, 2012, Judge Crone set the case for October 1, 2012, on the latest motion to continue, filed by the Government. On August 15, 2012, present counsel was allowed to represent Defendant in these proceedings.

On September 23, 2012, Defendant filed this motion to dismiss (Dkt. #753). On September 24, 2012, the United States filed a response (Dkt. #771).

## Discussion

Defendant argues the Court should dismiss the Indictment against him based on the Speedy Trial Act of 1974 ("Speedy Trial Act"), 18 U.S.C. § 3161 *et seq.* and the Sixth Amendment to the United States Constitution.

**Speedy Trial Act**

Congress enacted the Speedy Trial Act to serve both the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *Zedner v. United States*, 547 U.S. 489, 501 (2006). The public has an interest in swift justice because a timely trial has a potentially greater deterrent effect, and a timely trial reduces the defendant's opportunity to commit crimes while on pretrial release. *Zedner*, 547 U.S. at 501. The criminal defendant has an interest in a speedy trial to

prevent oppressive pretrial incarceration, to minimize the defendant's anxiety and concern, and to limit the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 520-22 (1972) (explaining the interests of a defendant in a speedy trial for Sixth Amendment purposes).

To accomplish these goals, the Speedy Trial Act generally requires a criminal defendant's trial to begin within seventy days of the defendant's indictment or initial appearance. 18 U.S.C. § 3161(c)(1). Failure to meet the deadlines results in dismissal of the indictment. 18 U.S.C. § 3162(a)(2). Despite its strict deadlines, the Speedy Trial Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Speedy Trial Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner*, 547 U.S. at 497 (citing 18 U.S.C. § 3161(h)).

Several of those exclusions are relevant in this case. First, 18 U.S.C. § 3161(h)(1) automatically excludes "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1); *Bloate v. United States*, 130 S.Ct. 1345, 1349 & n.1 (2010). Section 3161 provides examples of proceedings that concern the defendant: delays resulting from pretrial motions, delays resulting from a transfer of a case, and delays attributable "to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(D)-(E), (H).

Second, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge ... if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides a non-exclusive list of factors courts consider, including the complexity of the case, the number of the defendants, the time needed

to prepare for trial, and whether a continuation is necessary to avoid a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B).

Third, § 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant." 18 U.S.C. § 3161(h)(6). Therefore, all "defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant and that the excludable delay of one co-defendant may be attributed to all defendants." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994); *see also United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009).

Fourth, where a superceding indictment has been issued that adds a new defendant, the Speedy Trial Act clock does not begin to run until the last co-defendant on the superceding indictment has been arraigned. *See United States v. Harris*, 566 F.3d 422, 428-29 (5th Cir. 2009). In this case, the last co-defendant, Orlando Castano Mendez, was arraigned on September 23, 2011, which means that this is the date on which the Speedy Trial Act clock began to run. Moreover, this case was certified as complex on December 1, 2010, under 18 U.S.C. §§ 3161(h)(8)(A) & (B)(ii) (Dkt. #151). The Government correctly points out that the Court's order of December 1, 2010, designating this case as complex under 18 U.S.C. §§ 3161(h)(8)(A) & (B)(ii), tolls the speedy trial clock from this point forward. *See United States v. Williams*, 314 F. App'x 656, 659 (5th Cir. 2009).

As explained above, each of the periods above is properly excluded under the Speedy Trial Act. Thus, there is no Speedy Trial Act violation in this case.

**The Sixth Amendment**

In addition to his argument based on the Speedy Trial Act, Defendant asserts that dismissal is appropriate under the Sixth Amendment to the United States Constitution.

The Sixth Amendment guarantees "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right attaches when the federal government officially accuses the

defendant, either by arrest or indictment. *See United States v. MacDonald*, 456 U.S. 1, 6 (1982). Unlike the Speedy Trial Act, the constitutional right to a speedy trial cannot be "quantified into a specified number of days or months." *See Barker*, 407 U.S. at 523, 530. Therefore, courts employ a functional approach to determine whether a defendant's right to a speedy trial has been violated. *Id.*

The Court applies the *Barker* four-factor test and considers (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. According to the Fifth Circuit, courts "evaluate the first three factors (delay-length; reason for it; diligence in asserting right) in order to determine whether prejudice will be presumed or whether actual prejudice must be shown." *United States v. Frye*, 372 F.3d 729, 736 (5th Cir. 2004). "Prejudice may be presumed where the first three factors weigh 'heavily' in the defendant's favor." *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006). "In all of this, courts do not engage in a rigid analysis, but engage in the 'functional analysis of the right in the particular context of the case.'" *Frye*, 372 F.3d at 736 (quoting *Barker*, 407 U.S. at 522).

In this case, the first factor is the length of the delay. First, in order to even initiate a speedy trial analysis, "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). In the Fifth Circuit, a post-accusation delay approaching one year is generally sufficient to trigger a speedy trial analysis. *See United States v. Bergfeld*, 280 F.3d 486, 488 (5th Cir. 2002). Second, once a defendant has made a showing that the delay experienced has reached the appropriate threshold, a court is required to examine the other factors in the test. Defendant was first arraigned on January 18, 2011, and the case is set for final pretrial conference on October 1, 2012. The length of the delay in Defendant's case is not long enough to presume

prejudice based on this factor alone. *See United States v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007) ("We have held that delays of less than five years are not enough, by duration alone, to presume prejudice."). The Court will assume, without deciding, that the delay is approximately twenty months. This factor does not weigh in Defendant's favor. *See Parker*, 505 F.3d at 329 n.2 (citing cases that hold that fourteen months, sixteen months, and three years and nine months are insufficient delays to presume prejudice).

The second factor, the reason for the delay, cuts against Defendant. The second factor largely focuses on the conduct of the government. If the government "acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant," this factor will strongly cut in favor of the defendant. *Hernandez*, 457 F.3d at 421 (citation omitted). In this case, Defendant does not allege the Government acted in bad faith or negligently, and the record reveals that the Government has diligently pursued this case. Defendant generally asserts that the Government has been dilatory and the Government has to answer why. This case has been designated as complex. Defendant offers no evidence that the Government has acted in bad faith.

The third factor, the defendant's assertion of the right, occurred on September 23, 2012, the date he filed his motion to dismiss. Defendant is set for trial on October 1, 2012. Defendant also sought a continuance in this case and did not oppose co-defendants' requests for continuances. Although he has asserted his right to a speedy trial in the motion to dismiss, this factor is alone insufficient to establish a presumption of prejudice. Because the first three *Barker* factors must weigh heavily in Defendant's favor to support a presumption of prejudice, the Court holds that prejudice is not presumed. Moreover, this case has been set for final pretrial conference and trial on October 1, 2012, which is only eight days after Defendant asserted his speedy trial right.

The Court finds that the first three factors do not weigh heavily in Defendant's favor. *See*

*Frye*, 372 F.3d at 737. Therefore, the Court will not presume prejudice, and Defendant must show actual prejudice, which Defendant makes no such showing. Defendant's statement that "[t]wo important and central witnesses have either died or disappeared. Without these two witnesses, [Defendant] cannot receive a fair trial" is insufficient to establish prejudice. In conclusion, the Court holds that Defendant's Sixth Amendment right to a speedy trial, which was only invoked eight days prior to the final pretrial conference and trial, was not violated.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss (Dkt. #753) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of September, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE